WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Maughan,<br><br>        Plaintiff,<br><br>v.<br><br>Jacob Gomez, et al.,<br><br>        Defendants. | No. CV-21-00882-PHX-DLR<br><br>**ORDER** |

At issue is Defendants Jacob Gomez and City of Maricopa's motion for summary judgment. (Doc. 62.) Summary judgment is appropriately granted when there's no genuine dispute as to any material fact and, viewing those facts most favorably to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Plaintiff Aaron Maughan, who's represented by counsel, chose not to respond to this motion, even after requesting and receiving an extension of time in which to respond (Docs. 64-65), and even when, months later, Defendants noted Maughan's failure to respond in a notice to the Court (Doc. 66). The Local Rules allow the Court to treat a party's failure to file and serve a response brief as a consent to the granting of the underlying motion. LRCiv 7.2(i). Despite the Local Rule, the Court may not grant summary judgment simply because the opposing party violated this type of local rule. *See Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). In the summary judgment context, the Court must examine the unopposed motion to ensure that the movant

is entitled to judgment, even if the nonmoving party, with ample notice of the dispositive motion, has chosen not to respond. In performing this review, the Court may deem all the movant's facts undisputed, given the nonmovant's failure to controvert them. *See* Fed. R. Civ. P. 56(e)(2); *Szaley v. Pima Cnty.*, 371 Fed. App'x 734, 735 (9th Cir. 2010); (Doc. 30 at 5 ("Any fact that is ignored may be deemed uncontested.")).

Because the facts are undisputed, the Court eschews their recitation and goes straight to the law.  The Court grants Defendants' unopposed motion.

Count I arises under the Fourth Amendment[1] and alleges that Officer Gomez impermissibly extended the traffic stop and lacked probable cause to execute the dog sniff and search Maughan's vehicle. Count II alleges false imprisonment and asserts Maughan was unlawfully detained. Defendants are entitled to judgment on these claims.

An officer may conduct a traffic stop on reasonable suspicion that a motorist has committed a civil traffic violation, *Arizona v. Johnson*, 555 U.S. 323, 333 (2009), but the stop may last only as long as reasonably necessary to effectuate the traffic-enforcement purpose of the stop and take "negligibly burdensome precautions in order to complete" the stop safely, *Rodriguez v. United States*, 575 U.S. 348, 356 (2015). So long as it doesn't prolong the traffic stop, an officer may conduct an open-air dog sniff for narcotics. *Illinois v. Caballes*, 543 U.S. 405, 410 (2005). When a motorist has committed a criminal traffic violation, the officer has probable cause to arrest the motorist. *Devenpeck v. Alford*, 543 U.S. 146, 153-155 (2004) (holding that probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense).

Here, Officer Gomez stopped Maughan for committing two criminal traffic violations. (Doc. 62-1 at 48.) Maughan was therefore subject to arrest and not free to leave. The 26-minute detention—when he could've been arrested—was not unlawful because the

---

[1] The Court notes that Count I also references the Fourteenth Amendment, but because Maughan's claim challenges Officer Gomez's search and seizure, the Fourth Amendment grounds his claim, not the Fourteenth. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process in the Fourteenth Amendment must be the guide of analyzing these claims." (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

1   stop would've been lawful even if it were based solely on a civil traffic violation. The
2   traffic stop included the stop itself, calling for backup to ensure officer safety, a
3   conversation with Maughan about his license, temporary registration, and home address
4   (which didn't match up), a backup officer manually filling out each required field of the
5   warning ticket because the temporary registration lacked a bar code that would've allowed
6   the fields to auto-populate, printing and reviewing the ticket, giving the ticket to Maughan,
7   and orally warning him to drive at lawful speeds in a safer manner. (*Id.* at 16, 19, 24; Doc.
8   62-2 at 45.) Given the undisputed facts and unopposed argument, this was a reasonable
9   duration for the traffic stop.

10   During these 26 minutes, Officer Gomez conducted a 59-second, open-air dog sniff
11   for narcotics after confirming with Maughan that he didn't have marijuana in his vehicle
12   or on his person. (Doc. 62-1 at 57-58.) The K-9 unit alerted. (*Id.* at 63-64.) Officer Gomez
13   and his K-9 unit had the appropriate training and demonstrated competence to detect
14   cocaine, heroin, and methamphetamine. The K-9 completed the sniff in 59 seconds and
15   alerted. The sniff happened while the backup officer continued to diligently fill out the
16   warning ticket field by field and therefore didn't prolong the traffic stop. (*Id.* at 59-60.)
17   The alert gave Officer Gomez reasonable suspicion of the presence of narcotics and
18   justified his further search of the vehicle and Maughan's pockets.

19   In sum, the traffic stop was lawful based on Maughan's speeding and reckless
20   driving. Its duration was a reasonable amount of time to ensure officer safety and issue the
21   warning ticket. The dog sniff, which doesn't require reasonable suspicion, didn't extend
22   the duration of the traffic stop. Finally, because the K-9 alerted to the scent of contraband,
23   Officer Gomez had reasonable suspicion of the presence of narcotics that justified the
24   search of Maughan's vehicle and person. For these reasons Officer Gomez is entitled to
25   judgment on Count I.

26   Officer Gomez also is entitled to judgment on Count II because he had lawful
27   authority to detain Maughan during all relevant times. *Slade v. City of Phoenix*, 541 P.2d
28   550, 552 (Ariz. 1975). The City of Maricopa can't be vicariously liable for nothing, and so

it too is entitled to judgment as a matter of law.

Because Defendants' unopposed moving papers are sufficient to support the motion and don't on their face reveal a genuine dispute of material fact, *Henry*, 983 F.2d at 950,

**IT IS ORDERED** that Defendants' unopposed motion for summary judgment (Doc. 62) is **GRANTED**. The Clerk of the Court shall enter judgment accordingly and terminate the case.

Dated this 2nd day of August, 2023.

Douglas L. Rayes
United States District Judge